IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA R. PEARSON,

    Plaintiff,   No. CIV S-06-2505 FCD DAD PS

    v.

DANNY BRACE, ESQ., et al.,   <u>ORDER</u>

    Defendants.

_____/

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an application that makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis will be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous when it lacks an arguable basis either in law or in

1

fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, No. 05-1126, 2007 WL 1461066, at *14 (U.S. May 21, 2007).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In the present case, the court has liberally construed the pro se plaintiff's one-page letter as a complaint. However, the letter does not meet even the minimal requirements for a civil complaint in federal court. The requirements are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). In contrast, plaintiff's letter consists primarily of apologies for "late filing." Plaintiff makes one reference to "a legal negligence complaint," states that her complaint is very important, refers vaguely to "negligent actions," refers equally vaguely to "malicious actions," and suggests that she is seeking "due compensations and due process of the law to access these rights that are available."

Plaintiff's letter does not set forth any grounds for this court's jurisdiction, does not set forth any facts showing that plaintiff is entitled to relief, and does not state what relief plaintiff seeks. Indeed, plaintiff's letter does not name any defendant. The only clue provided in

that regard is the fact that plaintiff's in forma pauperis application identifies the defendant or defendants as "Danny Brace, Esq.; ET. AL."[1]

Although the Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice of the plaintiff's claims against that defendant. The plaintiff must allege facts that state the elements of her legal claims succinctly but plainly. See Fed. R. Civ. P. 8(a)(2); see also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims. 733 F.2d at 649.

Plaintiff is advised that a claim of legal malpractice usually presents only a state law claim that must be litigated in state court. In the absence of any discernible federal claim, the undersigned finds that plaintiff has not alleged a claim that has an arguable basis in law and in fact. Plaintiff's claims must be dismissed as frivolous because, as alleged, they fail to set forth factual allegations giving rise to federal jurisdiction.

Plaintiff's complaint will be dismissed with leave to amend. If plaintiff files an amended complaint, the pleading must set forth the grounds upon which this court's jurisdiction depends, identify the defendants, state clear and concise factual allegations describing the events which underlie plaintiff's claims, and state plainly what relief plaintiff seeks. The amended complaint must be complete in itself without reference to the original complaint. Local Rule 15-220. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed. An amended pleading that fails to provide the necessary jurisdictional and factual allegations will likely be dismissed with prejudice.

---

[1] Approximately three weeks after commencing this action, plaintiff filed a second letter that sheds no additional light on her claims, the relief sought, or this court's jurisdiction. Attached to the letter, however, is a summons in which plaintiff lists defendants as Danny Brace, Esq.; George Holland, Esq.; and Richard Staff, Esq.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 13, 2006 application to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." Plaintiff must submit an original and one copy of the amended complaint for the court's use.

DATED: May 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\pearson2505.ifpgr.lta