IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA R. PEARSON,

    Plaintiff,                     No. CIV S-06-2505 FCD DAD PS

    v.                            <u>ORDER AND</u>

DANNY BRACE, ESQ., et al.,       <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

        This matter came before the court on October 5, 2007, for hearing of defendants' motion to dismiss plaintiff's complaint.  Plaintiff, proceeding pro se, appeared on her own behalf.  Danny D. Brace, Jr., Esq., appeared for defendants Danny D. Brace, Jr. (sued as Danny A. Brace, Esq.), Brace & Crowdis, a Professional Law Corporation (sued as Brace and Crowdis Law Firm), and Richard Staff, Esq.  The motion was taken under submission.

        Upon consideration of the parties' arguments in open court, all written materials submitted in connection with the motion, and the entire file, the undersigned recommends that defendants' motion be granted and that this action be dismissed with prejudice.

BACKGROUND

        Plaintiff commenced this action on November 13, 2006, by submitting an application to proceed in forma pauperis and a one-page letter addressed to the chief judge and

the senior judges of this court. The letter does not identify any defendant. In the interests of justice, the deficient document was construed as a civil rights complaint, and the proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21). Plaintiff's in forma pauperis application was granted, and plaintiff's complaint was dismissed with leave to amend. Plaintiff was informed of the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as well as the restrictions imposed on in forma pauperis litigants by 28 U.S.C. §1915(e)(2).

On June 20, 2007, plaintiff filed an amended complaint and an unnecessary second application to proceed in forma pauperis. The first page of the amended complaint is not properly captioned, and no defendants are identified in the first three pages of the pleading. Page four of the pleading includes a caption that lists five defendants. The court did not authorize plaintiff to serve her deficient amended complaint, and no summons has been issued for any defendant.

The record reflects that plaintiff attempted to serve her original complaint on the defendants without a properly issued summons. (See Pl.'s Copy of Compl. & Summons Form filed Dec. 5, 2006, Doc. #3.) The record also reflects that plaintiff subsequently attempted to serve her amended complaint on the defendants with a request for waiver of service of summons. (See Pl.'s Am. Compl. filed June 20, 2007, Attachs. 2 and 3 (Doc. #5.) The file contains no evidence that either pleading was properly served on any defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. No appearance has been made by two defendants. Three defendants filed the motion to dismiss that is before the court.

Defendants contend that the sole discernible claim in plaintiff's complaint is a state law claim of legal malpractice and that the pleading fails to state a claim upon which relief may be granted.

/////

/////

STANDARDS FOR DISMISSAL PURSUANT TO RULE 12(b)

Rule 12(b)(1) allows a party by motion to raise the defense that the court lacks jurisdiction over the subject matter of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979). In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

Rule 12(b)(6) allows a party to test the sufficiency of a complaint by alleging failure to state a claim. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court must resolve doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), but need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

For fifty years, courts have applied the Supreme Court's statement in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See <u>NOW, Inc. v. Scheidler</u>, 510 U.S. 249, 256 (1994); <u>Hishon</u>, 467 U.S. at 73; <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274-75 (9th Cir. 1993); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). The Supreme Court recently determined that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007). Instead, to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974.

## ANALYSIS

Here, plaintiff's claims concern legal representation she received in state court proceedings that arose from a vehicle accident. The five defendants are three attorneys and two law firms.[1] Plaintiff's amended complaint commences with rhetorical questions that are difficult to decipher but invoke, in a highly conclusory manner, the scales of justice, victims' rights, due process, equal protection, the Americans With Disabilities Act, and civil rights in general. Next, plaintiff sets forth the text of the Fourteenth Amendment. Page four of the pleading includes a caption with the title "Amended Complaint" and the subtitle "Legal Intentional Tort & Fraudulent Actions, & Ethics & Disciplinary Code, Ethics & Professional Responsibility." Plaintiff alleges breach of contract, failure to perform agreed-upon work, work of unacceptably

---

[1] It appears that plaintiff unsuccessfully pursued a malpractice action against these same defendants in state court. Of course, a losing party may not "seek[ ] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994).

4

poor quality, intentional infliction of emotional distress, neglect, and fraud.  Plaintiff seeks $121 million in damages.

In the order dismissing plaintiff's initial pleading, plaintiff was advised that a claim of legal malpractice usually presents only a state law claim that must be litigated in state court.  Plaintiff's amended complaint does not reveal any claim other than state law claims that were litigated in state courts.

Plaintiff's reliance on the Fourteenth Amendment is misplaced.  The amendment prohibits states from depriving a person of life, liberty, or property without due process of law, but no defendant in this case acted on behalf of the state or under color of state authority.  See U.S. Const. amend XVI, § 1; Kwan Fai Mak v. FBI, 252 F.3d 1089, 1094 (9th Cir. 2001).

In plaintiff's amended complaint, in her written opposition to defendants' motion, and at the hearing of the motion, plaintiff asserted jurisdiction under a variety of federal statutes, none of which establish federal jurisdiction over legal malpractice claims or transform such state law claims into cognizable civil rights claims.  Plaintiff's allegations do not support jurisdiction under 28 U.S.C. §§ 2071 and 2073, which concern the power of the federal courts to make rules for conducting their business; 28 U.S.C. § 2101, which concerns appeals to the United States Supreme Court; 28 U.S.C. § 2676, which concerns tort claims against government employees; 28 U.S.C. § 1346, which concerns jurisdiction of cases in which the United States is a defendant; 28 U.S.C. § 1361, which concerns jurisdiction of cases to compel federal officers to perform mandatory duties; or 28 U.S.C. § 1442, which concerns jurisdiction of cases against federal officers and agencies.  Equally irrelevant to plaintiff's claims are 42 U.S.C. §§ 2000h, 2000h-1, 2000h-2, and 2000h-5, which concern contempt proceedings, double jeopardy, intervention of the Attorney General, and appropriation of funds in connection with the prosecution of certain federal laws.

Plaintiff also asserts jurisdiction under several federal criminal statutes, such as 18 U.S.C. § 2340, which defines "torture" for purposes of federal criminal prosecutions against

persons acting under color of law, and 18 U.S.C. § 2101, which concerns riots. Neither statute is relevant to plaintiff's legal malpractice claims. Other federal criminal statutes cited by plaintiff do not provide an individual with a private right of action. See Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968) (no affirmative relief available under 18 U.S.C. §§ 241 and 242); Evans v. U.S. Dep't of Educ., No. C 05-03185 SI, 2006 WL 294800, at *2 (N.D. Cal. Feb. 7, 2006) (no private right of action under 18 U.S.C. §§ 241 and 242); Cooley v. Keisling, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (enforcement of federal criminal statutes rests in the discretion of the Attorney General of the United States). Title 18 U.S.C. § 3663A concerns the sentencing of criminal defendants and does not provide plaintiff with a private remedy.

Finally, plaintiff has not alleged facts supporting the existence of a civil rights conspiracy for purposes of 28 U.S.C. § 1343(a), and federal question jurisdiction is not present under 28 U.S.C. § 1331 because plaintiff's action does not arise under the Fourteenth Amendment or any federal statute cited by plaintiff.

In the absence of any federal claim, the undersigned finds that defendants' motion to dismiss is meritorious and should be granted. Leave to amend should not be granted because plaintiff has not demonstrated that she can allege any federal claim that has an arguable basis in law and in fact against any defendant named in her amended complaint. See Hagans v. Levine, 415 U.S. 528, 543 (1974) (approving dismissal of claims for lack of jurisdiction where the claims do not involve a federal controversy within the jurisdiction of the district court).

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered

6

or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared on the basis of facts presented by other defendants which had appeared."); Bach v. Mason, 190 F.R.D. 567, 571 & n. 7 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, all of the named defendants are similarly situated with respect to the court's jurisdiction.  Therefore dismissal of all named defendants is appropriate at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 20, 2007 application to proceed in forma pauperis is denied as duplicative of the application previously granted;

2. Plaintiff's September 12, 2007 motion to demand trial by jury is denied as duplicative of the jury demand in plaintiff's amended complaint;

IT IS RECOMMENDED that:

1. Defendants' August 29, 2007 motion to dismiss be granted; and

2. This action be dismissed with prejudice as to all defendants.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** (10) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within **ten** (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\pearson2505.mtd.f&r